# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| ROBERTA A. MCPHEETERS, individually and on behalf of all others similarly situated, | : : : | Case No. 1:20-cv-414 |
| | : | Judge Timothy S. Black |
| Plaintiff, | : : | |
| vs. | : : | |
| UNITED SERVICES AUTOMOBILE ASSOCIATION, | : : : | |
| Defendant. | : : | |

## ORDER DENYING DEFENDANT'S MOTION
## TO COMPEL APPRAISAL AND STAY PROCEEDINGS (Doc. 9)

This civil action is before the Court on the motion of Defendant United Services Automobile Association ("USAA") to compel appraisal and stay proceedings (Doc. 9), and the parties' responsive memoranda (Docs. 12, 15).

## I.     BACKGROUND

Plaintiff Roberta McPheeters was insured under a USAA private passenger auto policy of insurance ("Policy"). (Docs. 1 at ¶ 1).  On or about November 16, 2016, Plaintiff suffered damage to her insured vehicle in a collision. (*Id.* at ¶ 15).  Plaintiff filed a claim with USAA for physical damage caused by the collision. (*Id.*).  USAA determined the insured vehicle was a total loss and that the claim was covered. (*Id.* at ¶ 16).  Through a third-party vehicle valuation provider, USAA determined the insured vehicle had a base value of $8,213.00. (*Id.* at ¶ 17).  USAA made a condition adjustment and subtracted $1,867.00 from the base value and determined that the adjusted vehicle

value was $6,346.00. (*Id.* at ¶ 18). The valuation report calculated the actual cash value ("ACV") sales tax to be $444.22, for a total value of $6,790.22. (*Id.*). However, USAA only paid $5,865.50[1] on Plaintiff's total claim, which did not include the $444.22 for sales tax. (*Id*. at ¶ 21). Plaintiff contends that the Policy requires USAA to pay sales tax.

On May 22, 2020, Plaintiff filed this lawsuit against USAA—on behalf of all persons insured under a USAA insurance policy who suffered a total-loss covered claim and were not paid the full sales tax under their policy—for breach of contract. (*Id.* at ¶ 2). On July 16, 2020, Defendant filed the present motion seeking to compel Plaintiff to comply with an appraisal procedure contained in the Policy. (Doc. 9). That motion is now ripe for review.

## II.     ANALYSIS

Defendant USAA contends that Plaintiff must submit to appraisal before this lawsuit can proceed, and that this case should be stayed pending appraisal. USAA's motion lacks merit.

The appraisal provision in the Policy provides:

**APPRAISAL**

If we and you do not agree on the amount of loss, either may demand an appraisal. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will pay its chosen appraiser and share the expenses of the umpire equally. Neither we nor you waive any rights under this policy by agreeing to an appraisal.

---

[1] $5,865.50 equals the $6,346.00 adjusted vehicle value, minus a $500.00 deductible, plus a $4.50 transfer fee and a $15.00 title fee. (Doc. 1 at ¶ 19).

(Policy at 31).[2]

USAA argues that—because the parties disagree over whether the ACV includes sales tax—the parties dispute the value of the loss, and therefore appraisal is required. (Doc. 9 at 4). Yet Plaintiff does not dispute USAA's calculation of the adjusted vehicle value ($6,346.00) or USAA's calculated amount of sales tax ($444.22). (Doc. 12 at 6). Instead, Plaintiff disputes whether the Policy requires payment of sales tax. Plaintiff argues that this a question of policy interpretation—which is for the courts, not appraisers. Plaintiff is correct.

Under Ohio law, which applies here, "[p]olicy interpretation is a legal issue for the court to decide." *Dutch Maid Logistics, Inc. v. Acuity*, 2009 WL 1019857, at *5 (Ohio 2009) (citing *Gomolka v. State Auto Mut. Ins. Co.*, 70 Ohio St.2d 166, 167, 436 N.E.2d 1347 (1982)); *see also Nationwide Ins. Co. v. Tobler*, 80 Ohio App.3d 560, 609 N.E.2d 1318, 1320 (Ohio 1992) ("The interpretation and construction of insurance policies is a matter of law to be determined by the court using rules of construction and interpretation applicable to contracts generally."). Appraisers, on the other hand, "are limited to making factual determinations regarding the amount of damages vehicle has incurred. It is not their responsibility to interpret policy language." *Davis v. GEICO Cas. Co.*, No. 2:19-CV-2477, 2020 WL 68573, at *4 (S.D. Ohio Jan. 7, 2020).

---

[2] USAA notes that the policy attached to the Complaint (Doc. 1-1) is not actually Plaintiff's policy. Therefore, USAA docketed as an exhibit Plaintiff's policy at issue (Doc. 9, Ex. A, hereinafter the "Policy"). The Court will consider the Policy attached to USAA's motion. *See Momentive Spec. Chem., Inc. v. Chartis Spec. Ins. Co.*, No. 2:11-cv-00583, 2012 U.S. Dist. LEXIS 32214, at *8 n.3 (S.D. Ohio Mar. 12, 2012) (finding that a court may consider a policy central to the claims in the complaint).

The issue presented here is not of the type that is appropriate for appraisers. The parties do not dispute the "amount of loss," (Policy at 31) they dispute the scope of the Policy's coverage. Plaintiff does not dispute USAA's damage assessment or adjusted vehicle value, but only whether sales tax is covered under the Policy and Ohio law. This question is for the Court to decide, not an appraiser.

Furthermore, two courts in this district have already addressed this exact issue this year. Both courts found that whether the ACV of a total-loss vehicle includes sales tax is not an appraisable issue, but is an issue of policy interpretation for the court to decide. *Davis*, 2020 WL 68573, at *4; *Ostendorf v. Grange Indem. Ins. Co.*, No. 2:19-CV-1147, 2020 WL 134169, at *4 (S.D. Ohio Jan. 13, 2020). This Court agrees with both of those decisions and their analysis. Because there is no dispute over the amount of loss—only whether the Policy requires payment of sales tax—there is no appraisable issue. Accordingly, Defendant USAA's motion to compel appraisal and stay proceedings fails.

### III.     CONCLUSION

For the foregoing reasons, Defendant USAA's motion to compel appraisal and stay proceedings (Doc. 9) is **DENIED**.

**IT IS SO ORDERED.**

Date:  8/20/2020                                                            */s/ Timothy S. Black*
                                                                            Timothy S. Black
                                                                            United States District Judge