UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **ROBERTA A. MCPHEETERS,** individually and on behalf of all others similarly situated, et al., <br><br> Plaintiffs, <br><br> v. <br><br> **UNITED SERVICES AUTOMOBILE ASSOCIATION, et al.,** <br><br> Defendants. | CASE NO.: 1:20-CV-00414-TSB <br><br> JUDGE TIMOTHY S. BLACK |

## CONFIDENTIALITY AND PROTECTIVE ORDER

**THIS MATTER** is before the Court by stipulation of Plaintiffs, Roberta McPheeters, Latondra Taylor, and Bernard Ivory and Defendants, United Services Automobile Association, USAA Casualty Insurance Company, and Garrison Property and Casualty Insurance Company (collectively the "Parties"); and the Court, having reviewed the stipulation and being fully advised in the premises, hereby enters the following Confidentiality and Protective Order ("Order"):

**1. PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action may involve production of items and materials alleged to be trade secrets, confidential and proprietary business information, and other private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further

acknowledge, as set forth in Section 11.3, that this Order does not entitle them to file confidential information under seal without compliance with Local Rule 5.2.1.

**2. DEFINITIONS**

    a) *CONFIDENTIAL* information or items: Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

    b) *Designating Party*: a Party or Non-Party that designates information or items that it produces in pre-trial or pre-hearing disclosures, in response to a court order, or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY".

    c) *Discovery Material*: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, but not limited to, testimony, transcripts, documents, answers to interrogatories, and tangible things), that are produced or generated in pre-trial or pre-hearing disclosures, in response to a court order, or in responses to discovery in this matter.

    d) *Expert or consultant*: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action. "Expert" shall specifically include electronic discovery vendors.

    e) *HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*: Extremely sensitive "Confidential information or items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

f) *Non-Party*: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

g) *Counsel of Record*: attorneys who are retained to represent or advise a Party, and/or have entered an appearance in this action on behalf of that Party, and all employees of a law firm which has entered an appearance on behalf of a Party.

h) *Party*: any party to this action, including all of its officers, directors, employees, corporate representatives, consultants, and Counsel of Record.

i) *Producing Party*: a Party or Non-Party that produces Discovery Material in this action.

j) *Professional Vendors*: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

k) *Protected Material*: any Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

l) *Receiving Party*: a Party that receives Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, transcripts, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their counsel that reveal Protected Material.

Without the express written consent of the Producing Party, confidential documents produced and testimony elicited in connection with this lawsuit shall not be used by the Receiving

3

Party for any purposes other than as reasonably necessary and appropriate for preparing for and participating in this lawsuit.

**4.  DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.  DESIGNATING PROTECTED MATERIAL**

5.1  *Exercise of Restraint and Care in Designating Material for Protection.*

Each Party that designates information or items for protection under this Order shall take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party shall designate for protection only those parts of material, documents, items, or oral or written communications that qualify for such protection.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, such Designating Party shall promptly, upon learning of a mistaken designation, notify all other Parties that it is withdrawing the mistaken designation.

5.2  *Manner and Timing of Designations*. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this

Order shall be clearly designated before the material is disclosed or produced. Designation in conformity with this Order requires:

      a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" to each page that contains Protected Material.

      b) For testimony given in deposition or in other pre-trial or trial proceedings, the Designating Party shall identify on the record, before the close of the deposition, hearing, or other proceeding, that some or all of the testimony is protected and specify the level of protection being asserted. However, whether designated as such at the deposition or not, a Designating Party may specify up to 10 days after receipt of the final transcript from the court reporter, the specific testimony (by page range(s)) or that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

Parties shall give all other Parties and Designating Parties reasonable notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that such other parties can ensure that only authorized individuals who have executed the "Acknowledgement and Agreement to Be Bound" (Exhibit A) are present at or participate in those proceedings. The use of a document as an exhibit at a deposition shall not affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have a notation on the title page that the transcript contains Protected Material. Any transcript that is prepared before the expiration of the 10 court day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" in its entirety unless otherwise

agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

        c)    for information produced in some form other than documentary form and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

    5.3    If Discovery Materials that are produced by Non-Parties are deemed to be confidential by any Party to this lawsuit, such Party shall inform the Receiving Party in writing of the confidentiality of those Discovery Materials, by written notice to counsel for the Receiving Party which references this Order. With respect to deposition, hearing and trial testimony by a Non-Party, a Party may invoke confidentiality under this Order in accordance with the provisions of Section 5.2(b), above.

    5.4    *Inadvertent Failures to Designate*. If timely corrected after learning of an inadvertent designation, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party shall make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.    DISPUTES AS TO CONFIDENTIALITY DESIGNATIONS**

Each Party has the right to dispute the Protected Information asserted by any other party or subpoenaed person or entity in accordance with this Protective Order. If a Party believes that any documents or materials have been inappropriately designated by another Party or subpoenaed Party, that Party shall confer with counsel for the person or entity that designated the documents or materials. As part of that conferral, the designating person or entity must assess whether

redaction is a viable alternative to complete non-disclosure of the designated documents or materials.

If any Party challenges the Protected Information of any document or information, the burden to properly maintain the designation shall, at all times, remain with the Designating Party to show that said document or information should remain protected pursuant to Federal Civil Rule 26(c). In the event of disagreement, then the challenging person or entity shall file a motion pursuant to Federal Civil Rule 26(c). A Party who disagrees with the designation must nevertheless abide by that designation pending resolution of the dispute.

A Party does not waive its right to challenge a confidentiality designation by electing not to immediately mount a challenge after the original designation is disclosed, but shall promptly mount its challenge once the Party reasonably believes that the designation is improper and is impeding the Receiving Party's ability to effectively prosecute, defend, or attempt to settle this action.

In the event of a dispute concerning a challenge to a confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 *Basic Principles*. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. This Order does not impact the admissibility of any document or testimony designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" under this Order. When the

litigation has been terminated, a Receiving Party shall comply with the provisions of Section 12 below, regarding final disposition.

Protected Material shall be stored and maintained by the Receiving Party's Counsel of Record at a location and in a secure manner intended to ensure that access to such material is limited to the persons authorized under this Order.

7.2     *Disclosure of "CONFIDENTIAL" Information or Items*. Unless otherwise ordered by the court or permitted in writing by the Designating Party, information or item(s) designated "CONFIDENTIAL" may be disclosed and provided only to:

a)     all Counsel of Record in this action, other attorneys employed by their firms, and necessary clerical and support staff employed by counsel of record (who shall not be required to execute the Acknowledgment and Agreement to Be Bound) to whom it is reasonably necessary to disclose the information for this litigation and who will maintain the confidentiality of the designated material, and the Receiving Party's in-house counsel;

b)     any Party to this action who is an individual and has executed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

c)     as to any Party to this action who is not an individual, any employee, director, officer, or manager of that party to whom disclosure is reasonably necessary for this litigation and who have executed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

d)     Experts and Consultants (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have executed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

    e)  the Court, its employees and necessary clerical support staff, and any appellate court or other court assuming jurisdiction over this action;

    f)  court reporters, videographers and their staff, professional jury or trial consultants, mock jurors (mock jurors may not retain any Protected Material), and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have executed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

    g)  deponents and hearing or trial witnesses where counsel for a Party to this action in good faith determines the individual should be provided access to such information in order for counsel to more effectively prosecute or defend this action (as long as the disclosure occurs in the presence of counsel, and copies, duplicates, images, or the like are not removed or retained by any i deponent or hearing or trial witness), provided, however, that in all such cases the individual to whom disclosure is to be made shall execute the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

    h)  the author or recipient of a document containing the protected information or a custodian or other person who otherwise possessed or knew the information; and

    i)  any other person agreed to in writing by the Parties, and who has executed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

  7.3  *Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items*. Unless otherwise ordered by the court or permitted in writing by the Designating Party, information or item(s) designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" may be disclosed and provided only to:

    a)  all Counsel of Record in this action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and

9

who will maintain the confidentiality of the designated material;

   b)  experts and consultants (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have executed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

   c)  the court and its personnel;

   d)  court reporters, videographers and their staff, professional jury or trial consultants, mock jurors (mock jurors may not retain any Protected Material), and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A); and

   e)  any other person agreed to in writing by the Parties, and who has executed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

  7.4 *Filing Confidential Discovery Material*.

  In the event a party seeks to file with the Court any confidential information subject to protection under this Order, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal.

  Any motion to file a document subject to this Order under seal must meet the Sixth Circuit's standard set forth in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). The burden of demonstrating the need for and appropriateness of a sealing order is borne by the moving party, and requires the moving party to analyze in detail, document by

document, the propriety of secrecy, providing reasons and legal citations. Regardless of whether the parties agree, it remains the Court's independent obligation to determine whether a seal is appropriate for any given document or portion thereof. Any proposed sealing, even when compelling reasons exist, must be narrowly tailored to serve the compelling reasons.

When a party to this Order seeks to file documents which it believes may warrant sealing, but is not the party who may be prejudiced by the document or documents becoming part of the public record, the filing party shall provide the potentially-prejudiced party or parties, or any potentially-prejudiced third party or parties, with written notification of its intent to file such documents at least (14) **fourteen days** before doing so. After being provided such notice, the potentially harmed party or parties will then have (7) **seven days** to file with the Court a motion for sealing. The Court will rule on the motion as promptly as possible. If the motion is granted or remains pending at the time of filing, the Filing Party shall file unredacted versions of the Confidential Materials under seal pursuant to S.D. Ohio L.R. 5.2.1. If it is denied in part, the Filing Party shall file in accordance with the Order denying the motion to file under seal. If it is denied in its entirety, the Filing Party shall file unredacted versions of the Confidential Material pursuant to S.D. Ohio L.R. 5.2.1.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY", that Party shall:

a) Provide written notice to the Designating Party within two business days of the Party's receipt of the subpoena or order. Such notice shall include a copy of the subpoena or court order;

11

4844-6413-3335.1

      b)      Promptly provide written notice to the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notice shall include a copy of this Order; and

      c)      Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" prior to issuance of a court order denying the motion for protective order by the court from which the subpoena or order was issued, or unless the Party has obtained the Designating Party's permission.

**9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, through inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party shall immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A and to return all unauthorized copies of the Protected Material.

**10.    INADVERTENT PRODUCTION OF PRIVILEGED OF OTHERWISE PROTECTED MATERIAL**

10.1.    Inadvertent (i.e., unintentional) production of documents subject to the work product doctrine, the attorney-client privilege, trade secret privilege, the right of privacy, or any other applicable privilege, shall not constitute a waiver of the protection or privilege, provided that

the Designating Party shall notify the Receiving Party in writing of such inadvertent production promptly after the Designating Party discovers such inadvertent production. After notification is received, the Receiving Party shall immediately return to the Designating Party or destroy all copies of such inadvertently produced documents and shall immediately confirm in writing that all such copies have been returned or destroyed.

Nothing herein shall prevent the Receiving Party from challenging the propriety of the privilege or protection claimed by promptly filing an appropriate motion with the Court, but the Receiving Party shall not challenge the propriety of the privilege or protection claimed on the grounds that the privilege or protection was waived by inadvertent production of the documents. If no such challenge is brought, or if any such challenge is unsuccessful, no use shall be made of such documents during deposition or in any proceeding before the Court, nor shall they be shown to anyone who was not given access to them prior to the request to return such documents, and the Receiving Party shall promptly confirm in writing that any analyses, memoranda or notes which were internally generated based upon such inadvertently produced information have been destroyed.

**11.    MISCELLANEOUS**

11.1    *Right to Further Relief.*  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

11.2    *Right to Assert Other Objections*. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

4844-6413-3335.1

11.3    *No Prior Judicial Determination.* This Order is based on the representations and agreements of the parties and is entered for the purpose of facilitating discovery in this action. Nothing in this Order shall be construed or presented as a judicial determination that any documents or information as to which counsel or the parties made a Confidentiality Designation is in fact subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

*Filing Protected Material.*  Absent written permission of the Designating Party, or a court order secured after appropriate notice to all interested persons, a Party may not file any Protected Material in the public record in this action.  A Party that seeks to file under seal any Protected Material shall comply with Local Rule 5.2.1.

**12.    FINAL DISPOSITION**

Within ten (10) days after the final settlement or termination of action, and upon written request by the Designating Party, it is the obligation of the Receiving Party to return or destroy all Confidential Material provided by the Designating Party.  The Receiving Party shall return or destroy all Confidential Material, including all copies, notes, tapes, papers and any other medium containing, summarizing, excerpting, or otherwise embodying any Confidential Material, except that the Receiving Party shall be entitled to destroy, rather than return (a) any Confidential Material stored in or by data processing equipment and (b) work product memoranda or pleadings embodying Confidential Material, subject to State Bar rules.

The Receiving Party will confirm in writing to the Designating Party its compliance with this Section 12.  Notwithstanding this provision, Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product,

and consultant and expert work product, provided, however, that Protected Material attached or appended to such archival copies shall be removed and destroyed or returned. Any such archival copies that reference or quote Protected Material remain subject to this Order as set forth in Section 4.

DONE AND ORDERED in Chambers at Cincinnati, Ohio, this  14  day of  January  2021.

                                                 *s/Timothy S. Black*
                                               TIMOTHY S. BLACK
                                               U.S. DISTRICT COURT JUDGE

STIPULATED AND AGREED TO BY THE FOLLOWING COUNSEL OF RECORD:

*/s/ Kevin C. Hulick* (per email approval on 1/13/2021)
Stuart E. Scott (0064834)
sscott@spanglaw.com
Kevin C. Hulick (0093921)
khulick@spanglaw.com
SPANGENBERG SHIBLEY & LIBER LLP
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
Telephone: 216-696-3232

Scott Edelsberg *(admitted pro hac vice)*
scott@edelsberglaw.com
EDELSBERG LAW, P.A.
20900 NE 30th Avenue, Suite 417
Aventura, FL 33180
Telephone: 305-975-3320

Andrew J. Shamis *(admitted pro hac vice)*
efilings@shamisgentile.com
SHAMIS & GENTILE, P.A.
14 NE 1st Avenue, Suite 705
Miami, FL 33132
Telephone: 305-479-2299

Rachel Dapeer *(pro hac vice to be filed)*
rachel@dapeer.com
DAPEER LAW, P.A.
20900 NE 30th Avenue, Suite 417
Aventura, FL 33180
Telephone: 305- 610-5223

Edmund A. Normand *(pro hac vice to be filed)*
ed@ednormand.com
Jacob L. Phillips *(admitted pro hac vice)*
jacob.phillips@normandpllc.com
NORMAND PLLC
P.O. Box 1400036
Orlando, FL 32814-0036
Telephone: (407) 603-6031

*Attorneys for Plaintiffs Roberta McPheeters, Latondra Taylor, and Bernard Ivory*

*/s/ Rodger L. Eckelberry*
BAKER & HOSTETLER LLP
Rodger L. Eckelberry (0071207)
reckelberry@bakerlaw.com
Trial Attorney
Andrea C. Wiltrout (0098288)
awiltrout@bakerlaw.com
Mathew G. Drocton (0093742)
mdrocton@bakerlaw.com
200 Civic Center Drive, Suite 1200 Columbus, Ohio 43215-4138
Telephone: (614) 228-1541
Facsimile: (614) 462-2616

Carrie Dettmer Slye (0079382)
BAKER & HOSTETLER LLP
cdettmerslye@bakerlaw.com
312 Walnut Street, Suite 3200 Cincinnati, Ohio 45202-4074
Telephone: (513) 929-3400
Facsimile: (513) 929-0303

*Attorneys for Defendants United Services Automobile Association, USAA Casualty Insurance Company, and Garrison Property and Casualty Insurance Company*

16

4844-6413-3335.1

# **EXHIBIT A**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **ROBERTA A. MCPHEETERS, LATONDRA TAYLOR, AND BERNARD IVORY on behalf of themselves and on behalf of all others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED SERVICES AUTOMOBILE ASSOCIATION, et al.,**<br><br>Defendants. | CASE NO.: 1:20-CV-00414-TSB<br><br>JUDGE TIMOTHY S. BLACK<br><br>MAGISTRATE JUDGE STEPHANIE K. BOWMAN |

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

1. I have been requested by counsel for _____ to participate and/or assist in the above-captioned action.

2. I have been provided, and have read, the Confidentiality and Protective Order in this action, governing the production, exchange, review, and use of documents and information in this lawsuit, and agree to be bound by the terms of the Confidentiality and Protective Order to the same extent as the Parties to this lawsuit.

3. In addition, I hereby acknowledge that the unauthorized use or disclosure of documents or information I receive or review in connection with this litigation pursuant to the Confidentiality and Protective Order may result in penalties for contempt of court, and I hereby consent to the personal jurisdiction of the United States District Court for the Southern District of

Ohio in matters relating to the Protective Order, including my failure to comply with any of its terms.

    4.    Promptly upon termination of this action, I will return all materials containing Confidential Information that came into my possession, and all documents and things that I have prepared relating thereto, to the outside attorneys for the party by whom I am employed or retained, or who noticed my deposition.

    I declare under penalty of perjury that the foregoing is true and correct.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

    _____

    _____

Date: _____      _____
                                                                   Signature

4844-6413-3335.1