## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **SHAUNA CAVALLARO, LATONDRA TRAYLOR, BERNARD IVORY, and WALTER MOTT, individually and on behalf of all others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED SERVICES AUTOMOBILE ASSOCIATION and GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY,**<br><br>Defendants. | CASE NO.: 1:20-CV-00414<br><br>JUDGE MATTHEW W. MCFARLAND<br><br>MAGISTRATE JUDGE STEPHANIE K. BOWMAN |

## ORDER APPROVING SETTLEMENT
## AND JUDGMENT OF DISMISSAL WITH PREJUDICE

The parties have reached a settlement in this case. Through an unopposed motion for final approval of class settlement, they seek, among other things, that the Court (1) certify the proposed class for settlement purposes; (2) approve the Class Action Settlement Agreement; (3) find that notice to the settlement class was fair, adequate, and comported with due process; and (4) enter an order approving the settlement and of final judgment of dismissal with prejudice. For the reasons stated below, the motion is granted.

Plaintiffs Shauna Cavallaro, Latondra Traylor, Bernard Ivory, and Walter Mott, individually and on behalf of the proposed Settlement Class, and Defendants United Services Automobile Association, Garrison Property & Casualty Company, USAA Casualty Insurance Company, and USAA General Insurance Company (collectively "USAA" or "Defendants") have

agreed, subject to approval by the Court, to settle this Action upon the terms and conditions in the Agreement, filed with the Court on June 7, 2022; and

The Parties have made an application for approval of the Settlement of this Action, as set forth in the Agreement; and

The Court has read and considered the Agreement and the exhibits thereto and has read and considered all other papers filed and proceedings had herein, and is otherwise fully informed, and with good cause appearing,

**IT IS HEREBY ORDERED:**

1. This Order incorporates by reference the definitions in the Agreement.

2. The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including the Named Plaintiffs, all Settlement Class Members, and USAA.

3. The Court approves the Agreement, and finds the Settlement to be fair, reasonable, and adequate to the Settlement Class, but such finding is not to be deemed an admission of liability or fault by USAA or by any other Person, or a finding of the validity of any claims asserted in the Action or of any wrongdoing or of any violation of law by USAA. Neither the Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Released Persons of the truth of any of the allegations made in the Action, or of any liability, fault, or wrongdoing of any kind whatsoever on the part of the Released Persons, except that USAA may file this Order in any action that may be brought against it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

4. The Court appoints Shauna Cavallaro, Latondra Traylor, and Bernard Ivory as Class Representatives, and Normand PLLC, Edelsberg Law, P.A., Shamis & Gentile, P.A., and Dapeer Law, P.A. as Class Counsel.

5. The Court finds that the Class Action Fairness Act Notice given by the Settlement Administrator on behalf of USAA was in full compliance with 28 U.S.C. § 1715(b).

6. The Court finds the Class Notice constituted the best notice practicable under the circumstances, by providing individual notice to all Class Members who were identified through reasonable effort, and constituted valid and sufficient notice to all Persons entitled thereto, complying fully with the requirements of Fed. R. Civ. P. 23 and due process.

7. The Court reaffirms and appoints JND Legal Administration as the Settlement Administrator.

8. Consistent with the Agreement, the Court certifies for purposes of settlement the following Settlement Class:

> All Defendants' insureds who submitted a Covered Total Loss Claim and who received a Total Loss Claim Payment from Defendants but did not receive (1) Sales Tax and were not subsequently paid Sales Tax during the Class Period; (2) CRA Sales Tax for those of whom possessed CRA Coverage on the Total Loss Date and were not subsequently paid CRA Sales Tax during the Class Period; and (3) Salvage Title Fees for those of whom retained title to their Total Loss and were not subsequently paid Salvage Title Fees during the Class Period.

9. For purposes of Settlement, the threshold requirements and Rule 23 requirements for class certification are met. Plaintiff possesses Article III standing and the proposed Settlement Class is adequately defined and clearly ascertainable.

10. For purposes of settlement, the Class is sufficiently numerous (comprised of over 30,000 members), there are questions of law and fact common to the Settlement Class, Plaintiff's claim is

typical of the Settlement Class, and both Plaintiff and Class Counsel are adequate representatives of the Settlement Class. *See generally Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 560 (6th Cir. 2007) (to certify a class, Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy must be satisfied).

11. For purposes of settlement, questions common to the class predominate over any individual questions, and class treatment is superior to alternative forms of adjudication. *See generally id.* (predominance and superiority requirements must be met to certify a class under Rule 23(b)(3)).

12. The Court notes that there is a strong federal policy "favoring settlement of class actions." *UAW v. General Motors Corp.*, 497 F.3d 615, 633 (6th Cir. 2007). The Court finds that both procedural or threshold requirements set forth in Fed. R. Civ. P. 23(e)(2) are satisfied. First, given the extensive discovery and dispositive motion litigation that occurred prior to settlement discussions, the Named Plaintiffs and Class Counsel possessed sufficient information and knowledge of the claims, issues, and defenses prior to negotiating and settling the claims. *See generally Cook v. Gov't Emples. Ins. Co.*, No. 6:17-cv-891-ORL-40KRS, 2020 U.S. Dist. LEXIS 111956, at *18 (M.D. Fla. Jun. 22, 2020) (observing that the Rule 23(e)(2) adequacy requirement is meant to ensure the class representatives possessed an adequate information base prior to engaging in settlement).

13. Second, the negotiations, which occurred under the direction of Michael Ungar, a well-respected mediator, were clearly conducted at arm's length. *See generally Bert v. AK Steel Corp.*, No. 1:02-CV-467, 2008 WL 4693747, at *2 (S.D. Ohio Oct. 23, 2008) ("The participation of an independent mediator in settlement negotiations virtually [e]nsures that the negotiations were conducted at arm's length and without collusion between the parties").

14. Fed. R. Civ. P. 23(e)(2)(C)-(D) establishes four substantive factors relevant to the class settlement analysis: the costs and risk of trial and appeal, the method of claim distribution, the terms of attorneys' fees, and whether class members are treated equitably vis a vi each other. As set forth in this Court's Order granting preliminary approval, these factors weigh in favor of approval. The Court finds that the likelihood of success absent settlement is uncertain, given several appellate courts, including the Sixth Circuit, have issued opinions which, albeit not directly on point, seem to support Defendant's position. *See Wilkerson v. Am. Family Ins. Co.*, 997 F.3d 666 (6th Cir. 2021); *Sigler v. Geico Cas. Co.*, 967 F.3d 658 (7th Cir. 2020). In light of the uncertainty of success were litigation to continue, the benefits secured through the Settlement Agreement—which constitute approximately 80% of the damages that could have been secured at trial—are eminently reasonable. *Cf. In re Polyurethane Foam Antitrust Litig.*, 2015 U.S. Dist. LEXIS 23482, at *5 (N.D. Ohio Feb. 26, 2015) ("A settlement figure that equates to roughly 18 percent of the best-case-scenario classwide overcharges is an impressive result in view of these possible trial outcomes.").

15. Moreover, the claim-processing method is simple and straightforward, requiring merely attesting to a pre-filled, postage-prepaid Claim Form, which also weighs in favor of approval. Also significant is that the Parties did not discuss attorneys' fees until after agreement was reached concerning the substantive terms of the Agreement and Class Members are treated identically for all material elements of the Agreement, both of which counsels in favor of approval. And finally, not a single Class Member has objected to the terms of the Settlement and only approximately 0.002% opted out, which is strong evidence in support of the fairness and reasonableness of the Settlement terms. *See generally Amos v. PPG Indus.*, No. 2:05-cv-70, 2019 U.S. Dist. LEXIS 139021, at *30 (S.D. Oh. Aug. 16, 2019) ("[N]o objections were filed, which creates the inference

that all or most of the class members had no concerns about the proposed settlement. This positive response weighs in favor of approving the settlement.")

16. The substantive factors set forth in *UAW*, 497 F.3d 615, that do not overlap with Fed. R. Civ. P. 23(e)(2)—the opinions of class counsel and the public interest—weigh in favor of approval. Class Counsel here are familiar with USAA's data systems and business practices and procedures, and it is their well-considered opinion that the proposed Settlement is favorable to the Settlement Class. *See Brent v. Midland Funding, LLC*, 2011 U.S. Dist. LEXIS 98763, at *49-50 (N.D. Oh. Sep. 1, 2011) ("The Court gives great weight to the recommendation of experienced counsel for the parties in evaluating the adequacy of the settlement."). Additionally, the public interest favors preliminary approval because "settlement fosters the goals of certainty, finality and economy, which lie at the heart of our general preference for settlement of class actions." *Berry v. School Dist.*, 184 F.R.D. 93, 106 (W.D. Mich. 1998).

As such, the Court **GRANTS AND APPROVES** the proposed Settlement.

17. The Court has also considered the application of attorneys' fees and costs and service awards to the named Plaintiffs.

18. The Sixth Circuit has articulated six factors to consider in analyzing the reasonableness of a requested fee amount: (1) the value of the benefit conferred, (2) society's stake in rewarding attorneys who produce such benefits in order to incentive others, (3) whether the services were undertaken on a contingent fee basis, 4) the value of the services on an hourly basis, 5) the complexity of the litigation, and 6) the professional skill and standing of counsel involved on both sides. *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188 (6th Cir. 1974). The Court finds that the request for attorneys fees and costs is consistent with the application of these factors.

19. Courts have generally upheld the reasonableness of attorneys' fees awarded from 20% to 50% of the benefits conferred. *See In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 380 (S.D. Oh. 2006) (noting that "[a]ttorneys' fees awards typically range from 20 to 50 percent of the common fund" and collecting cases); *see also Shanahan v. Keybank*, No. 1:19cv2477, 2021 U.S. Dist. LEXIS 50516, at *13 (N.D. Oh. Mar. 16, 2021) (approving fees of 33 1/3%); *Bechtel v. Fitness Equip. Servs., LLC*, No. 1:19-cv-726, 2022 U.S. Dist. LEXIS 180349, at *11 (S.D. Oh. Sep. 29, 2022) (33 1/3%). Here, the requested fees constituted a reasonable percentage of the benefits obtained on behalf of the Class, whether considered 22.6% of the benefits obtained (if the benefits obtained due to the change in business practice in September 2020 after this case was filed are included) or 29.3% of the benefits obtained.

20. The benefits obtained on behalf of the Class are substantial, and constitute approximately 80% of the of the best-case scenario damages that could have been obtained at trial. This is significantly higher than percentages courts often find fair and adequate. *See, e.g., In re Polyurethane Foam Antitrust Litig.*, 2015 U.S. Dist. LEXIS 23482, at *17 (N.D. Oh. Feb. 26, 2015) ("A settlement figure that equates to roughly 18 percent of the best-case-scenario classwide overcharges is an impressive result in view of these possible trial outcomes.").

21. A "lodestar cross-check" confirms the reasonableness of the fee. The requested fee equates to a multiplier of 1.8, which is reasonable here given that Class Counsel undertook the case on a contingency basis and secured 80% of the possible damages that could have been recovered at trial. *See Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 517 (6th Cir. 1993) (approving 2.0 multiplier where benefits obtained were 21% of total potential damages); *Bower v. MetLife, Inc.*, 2012 U.S. Dist. LEXIS 149117, at *23-24 (S.D. Oh. Oct. 17, 2012) (collecting cases

demonstrating that multipliers ranging from 1.75 to 5.0 are considered reasonable in class litigation).

22. The totality of the *Ramey* factors supports the requested fee award of $3,000,000.00 in attorneys' fees and costs and Service Awards of $5,000.00 to each of the named Plaintiffs. Accordingly, the Court hereby **GRANTS** Plaintiff's Motion for Attorneys' Fees and Costs and Service Awards to Named Plaintiffs.

As such, it is hereby **ORDERED** and **ADJUDGED**:

23. The benefits of the settlement are fair, reasonable, and adequate. Further, for purposes of settlement, the proposed settlement class meets the requirements of Fed. R. Civ. P. 23(a) and (b)(3), and the Court therefore certifies the Settlement Class as defined in the Settlement Agreement. Finally, the requested attorneys' fees, costs, and service awards are reasonable.

24. All Releasing Parties are hereby barred and enjoined from asserting any Released Claims against Defendants or its affiliates at any time. Defendants and the Released Parties are released from the Released Claims. This Court reserves continuing and exclusive jurisdiction over the Parties to this Agreement, including Defendants and Settlement Class Members, to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

25. In accordance with Fed. R. Civ. P. 54, this Final Order and Judgment is a final and appealable order.

IT IS SO ORDERED this 5th day of Dec., 2022

*[signature]*
UNITED STATES DISTRICT JUDGE